UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA K. ARMSTRONG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:22-cv-00525-DDN |
| | ) | |
| DAVID VANDERGRIFF, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motion of petitioner Joshua K. Armstrong for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted.

Petitioner has also filed a motion for appointment of counsel. (Docket No. 3). There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). *See also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that a "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition, and failure to appoint one in the circumstances of this case was not an abuse of that discretion").

A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28"). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should

consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

Having reviewed these factors, the Court has determined that appointment of counsel is not warranted at this time, as petitioner has demonstrated his ability to present his claims to the Court. Furthermore, respondent has not yet had the opportunity to respond to the petition. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

                                             /s/ David D. Noce
                                  **UNITED STATES MAGISTRATE JUDGE**

Signed on May 18, 2022.