UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSHUA K. ARMSTRONG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:22 cv 525-DDN |
| | ) |
| DAVID VANDERGRIFF, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner Joshua K. Armstrong's motions for appointment of counsel. [Docs. 12, 17.] The Court denies the motions for the reasons set forth below.

There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). *See also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that a "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition[.]").

A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice" a court may provide representation for any financially eligible person who is seeking relief under § 2254). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and

present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

Having reviewed these factors, the Court has determined that appointment of counsel is not warranted at this time, as petitioner has demonstrated his ability to present his claims to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motions for appointment of counsel [Docs. 12, 17] are **DENIED.**

**IT IS FURTHER ORDERED** that if Petitioner chooses to file a reply to Respondent's answer to the petition, the reply must be filed within sixty (60) days from the date of this order. *See* Rule 5(e) of the Rules Governing § 2254 Cases. If Petitioner fails to timely file a reply, the right to file such a reply is thereby waived.

                                              /s/ David D. Noce
                                          **UNITED STATES MAGISTRATE JUDGE**

Signed on November 7, 2022.